The opinion of the Court'was delivered by
Martin, J.
I must -suppose from the case stated in the brief, which is fully supported by the return of the Commissioners and the decretal order, that some misunderstanding has occurred in relation to the return of the Commissioners.
The complainants were,seized in fee of an undivided half of the land, and defendants of the other moiety. The Commissioners made their return in the form prescribed bylaw, and-assigned one portion of the land to complainants, which they valued at $1000: and the balance to the defendants, valued at the same price : and they recommend that the lands set apart for defendants be sold, on terms suggested by them, the reason for which recommendation seems to have been, that some of the defendants were residing on the lands allotted to all the defendants jointly. Possibly the Commissioners exceeded their authority in undertaking to suggest a course for partition among the defendants, but of this it does not seem that defendants complain, and the Court has acted under their suggestion.
But as the Commissioners set apart the lands for complainants and defendants, valuing their several joint portions at $1000 *180 each, there was no course left for the parties or the Court, but-to accept, or set aside the return. It does not appear to have been questioned for irregularity or any cause whatever, but is confirmed by the Court, and by its decretal order, the several portions allotted to the complainants and defendants are declared to be vested in them in fee. The ord'er, therefore, referring it*to the Commissioner to ascertain the value of the several parcels of land, vested in complainants and defendants, with a view to equalize them, cannot be maintained.
The Commissioners are required by law to divide the land if it be practicable to do so without injustice to any of the parties ; and they are also required to máke a return of the entire valuation. This latter requisition was, no doubt, intended as one mode by which the Court could ascertain whether justice had been done, and be the better able to decide on the character of their return. If it appear, on such a return made, that there has been mistake, fraud, or corruption, no doubt the proceedings would be set aside, and a new writ of partition ordered. But nothing of that sort is pretended in this case. It would he wholly useless then to require Commissioners to divide lands, and in doing so, have respect for value, as well as quantity, if, after the return, the Commissioner must equalize the value. The Commissioners are the agents of the parties, acting under the authority of the Court, and they are as much bound by their return, made in due form, fairly and impartially, as a plaintiff and defendant would be by an award of arbitrators made under a rule of Court.
When Commissioners have made their return, no one, I presume, will contend that the Court can alter or modify the partition by assigning to either complainant or defendant a greater or less quantity of land than the Commissioners have done. Yet if they can institute an inquiry, not with a view of determining on the propriety of confirming or rejecting the return, but for the purpose of producing equality in the valuation, they exercise a power decidedly more unlimited, and unaccountable *181 to the one or the other of the parties. A partition must be the act of the Commissioners, confirmed by the Court. But if Commissioners are to make partition, and the Court, through its officer, afterwards fix the valuation, the incongruity must be obvious. The former, in executing their ideas of justice between the parties, must of necessity be governed by their own opinions of the valuation in designating the several quantities. But if equality is to be sought for by the Commissioner in Equity, subsequently, where the relation of quantity and value can neither be known or appreciated, no one can conjecture what would be the result in a variety of cases.
But I do not conceive it necessary to pursue this subject, with a view to shew the inconvenience which would grow out of such a practice, as that to which the order here made would lead.
I place the question upon the want of authority in the Court. The return of the Commissioners, if accepted, is the law between the parties. .If there were valid objections to it, they should have been made, and a new writ should have issued, or the same Commissioners required to amend their return.
It is, therefore, ordered and decreed, that so much of the decre-tal order made in this case as required the Commissioner to report “ what sum shall be paid by the complainants, in order to produce an equality of partition,” be reversed. In all other respects the decretal order is affirmed.
Johnson and O’Neall, JJ. concurred.

Appeal sustained.